## In re WAACK'S ESTATE.

(*Supreme Court, General Term, Third Department.* May 27, 1889.)

JUDGMENTS—OPENING AND VACATING.

A surrogate's decree confirming the account of an administrator will not, five years after its rendition, be set aside at the instance of a distributee and co-administrator, who was a party to the proceedings, and who apparently acquiesced in the decree, where there is no proof of fraud or satisfactory showing of newly-discovered evidence, and no good reason is shown why the distributee did not make her objections to the account before the decree was rendered.

Appeal from surrogate's court, Rensselaer county.

The petitioner, widow of John Waack, deceased, but since remarried, and Matlage were appointed administratrix and administrator of John Waack. Matlage collected as administrator a considerable sum of money,—about $1,703.43, less attorney's fees, $372.69; making $1,330.74. The petitioner made an application to the surrogate to have Matlage account. He proceeded to account, and filed a sworn statement of his proceedings and of the estate. In that he claimed that the deceased owed him $1,243.59. On this accounting the present petitioner appeared by counsel voluntarily, although no citation had been issued to her. Matlage also appeared by counsel, and the result was that a final decree was made by the surrogate, February 23, 1884, stating such appearance, reciting that there were no creditors other than Matlage himself, and finally settling and allowing his account. By this it appeared that, after paying expenses and Matlage's claim, commission, and counsel fee, there was nothing remaining in his hands. On January 26, 1889, the petitioner, as widow of the deceased, claiming her distributive share, moved to open this decree, and to require Matlage to account. The surrogate granted the motion, and Matlage appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Henry A. King,* for appellant. *H. M. Gescheidt,* for respondent.

LEARNED, P. J. The decree was a final settlement made on a hearing of this petitioner. It was therefore conclusive upon her. Whether an inventory had been filed was immaterial as to her. Whether further proof of Matlage's claim might not then have been required is of no consequence. She made no objection on either of these points, and evidently, by her counsel, acquiesced in the decision. Too long a time has elapsed to permit the decree to be disturbed unless on the strongest proof. No such proof is given. There is no proof of fraud, and no such proof of newly-discovered evidence as would justify the opening of a final decree. The allegations of the petitioner on which she founds this application, as far as they tend to show that the administrator's claim was excessive, are denied by him. The petitioner insists that Waack was not liable on the indebtedness for which the administrator was allowed to retain this money. That was a matter open to investigation at the time of the decree. This petitioner was herself both widow and administratrix, and was in a condition to know the facts. She had counsel capable of examining, who, we must believe, did examine into the justice of the administrator's claim. It is of the utmost importance that in surrogates' courts, as in other courts, a matter once decided should remain so. The petitioner urges that no harm will be done by requiring the administrator to account again. That is a mistake. When an administrator has once settled his account, and the parties interested have been heard, he is harmed by being required to account again. He has a right to the peace and security given by a judicial decree. Even if the decision were erroneous, still, when both parties

have been heard, and neither has appealed, and both have acquiesced for some four years, and there is no evidence of fraud, we should be very reluctant to disturb the decision. It may be difficult now to establish facts, of which at the time of the decision the evidence was abundant. Not but that in proper cases a decree may be opened. But the longer the time since the decree, the stronger should be the facts to justify the opening. In the present case, on a careful examination of the evidence, we are of the opinion that the order opening the decree should not have been granted. Order reversed, with $10 costs and printing disbursements, and motion to open denied, with $10 costs.